Robert Floyd Davis, Esq. (SBN: 030129)
705 Dinah Shore Blvd
WINCHESTER, TN 37398-1424
Phone: 931-967-7000 / 423-267-7000
FAX: 931-968-0680
robert@daviskessler.com
*Attorneys for Plaintiff Raymond Oneal.*
*individually and all others similarly situated*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Raymond Oneal, *individually and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>First Tennessee Bank,<br><br>Defendant. | Case No: 4:17-cv-00003<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

1. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. Congress wrote the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

2. Raymond Oneal ("Plaintiff"), by Plaintiff's attorneys, brings this class action complaint to challenge the actions of First Tennessee Bank ("Defendant") with regard to Defendant's unauthorized and unlawful credit inquiry.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Tennessee.

6. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.; Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

9. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x ("FCRA").

10. Venue is proper in the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in Morristown, Tennessee as it conducts business there, and Defendant's conduct giving rise to this action occurred in Tennessee. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person who resides in Clark County, Nevada, whose credit report was affected by an unauthorized inquiry. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a bank doing business in Tennessee, whose primary address is in Morristown, Tennessee.

13. Upon information and belief, Defendant's website is https://www.firsttennessee.com/. According to the website, Defendant offers "an innovative list of products and services that provide value and convenience throughout your life and the life of your business."

14. Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

## FACTUAL ALLEGATIONS

16. Sometime prior to 2008, Plaintiff allegedly incurred financial obligations to Defendant.
17. On or about September 22, 2008, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Nevada under the case number 08-20917-btb.
18. On or about May 6, 2014, Plaintiff received a Bankruptcy discharge.
19. Defendant did not file any proceedings to declare its Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.
20. Defendant also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.
21. Accordingly, the Debt to Defendant was discharged through the Bankruptcy.
22. On February 15, 2016, upon review of his Equifax credit report Plaintiff discovered that on or about November 30, 2015, Defendant submitted an unauthorized credit report inquiry to Equifax, a credit reporting agency.
23. According to the Equifax credit report, Defendant accessed Plaintiff's credit report on November 30, 2015 for "Account Review" purposes.
24. On November 30, 2015, Plaintiff did not have any account relationship with Defendant.
25. Plaintiff did not conduct any business nor incur any additional financial obligations with Defendant since the above referenced account was closed, years earlier.
26. Plaintiff did not have any account or business relationship with Defendant on November 30, 2015.
27. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports, including "to use the information in connection with a credit transaction involving the consumer on whom the information is to be

furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).

28. Defendant's "Account Review" inquiry, without Plaintiff's consent and without any business or account relationship with Defendant, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

29. Therefore, Defendant violated 15 U.S.C. § 1681b by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

30. Defendant's actions were willful under 15 U.S.C. §§ 1681n because Defendant was aware of the FCRA's prohibitions on impermissibly pulling consumers' credit reports. *See Doe v. Sentech Employment Services, Inc.*, E.D. Mich. May 16, 2016) (*citing Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, *4 (D. Md. Jan. 25, 2012) ("[A]ssertions that a defendant is aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal.").

31. Plaintiff suffered an invasion of a legally protected interest when Defendant accessed his highly confidential personal information on his credit report at a time when Defendant had no right to do so, an invasion of Plaintiff's right to privacy. The FCRA, through 15 U.S.C. § 1681b, protects consumers like Plaintiff from this precise behavior.

32. Plaintiff has a common law right to keep his personal credit information private. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the FCRA. Indeed, the common law tort of intrusion upon seclusion is preempted by the FCRA, and the FCRA expressly provides that Congress made the following finding: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with

fairness, impartiality and a respect for the <u>consumer's right to privacy</u>." 15 U.S.C. §1681a(4) (emphasis added).

33. Plaintiff was affected personally because when he realized the behavior of Defendant described above (pulling his credit report without any authorization), Plaintiff felt that his privacy had been invaded and that his personal and private information had been disclosed to Defendant, who had no right to Plaintiff's private information. Defendant's behavior caused Plaintiff to suffer mental and emotional distress as a result of Defendant's invasion of Plaintiff's privacy.

34. The injury suffered by Plaintiff is concrete because Defendant's violation of 15 U.S.C. § 1681b caused Plaintiff to suffer from Defendant's invasion of Plaintiff's privacy. In enacting 15 U.S.C. § 1681b, Congress specifically sought to protect consumers from invasions of privacy and created restrictions on access to consumers' sensitive financial information in their credit reports.

35. Further, Defendant increased the risk that Plaintiff and the class members will be injured if there is a data breach on Defendant's computer systems by acquiring additional highly sensitive information about Plaintiff and the class members and saving that information onto its computer system. Data breaches are increasingly common (*see*, *e.g.*, *Data Breaches*, Kerbs, *available at* http://krebsonsecurity.com/category/data-breaches/), and financial institutions like Defendant are frequent targets of cybercriminals (*see*, *e.g.*, *The Top 8 Largest Date Breaches in the Financial Services Industry*, Association of Certified Financial Crime Specialists, *available at* http://www.acfcs.org/the-top-8-largest-data-breaches-in-the-financial-services-industry/).

36. As such, Plaintiff is entitled to the remedies available under 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated.

38. The proposed class that Plaintiff seeks to represent are defined as follows:

    > All persons whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects an unauthorized consumer credit report inquiry by Defendant after a bankruptcy discharge within the past 2 years (the "Class").

39. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class' members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

40. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. § 1681 et seq. Plaintiff and the Class' members were damaged thereby.

41. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class' definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

42. The joinder of the Class' members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

43. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual members of the Class, including the following:
    a. Whether, within the class period, Defendant or its agents submitted any consumer credit report inquiries after the accounts of members of the Class have been discharged through a bankruptcy; and
    b. Whether Plaintiff and the members of the Class were damaged thereby, and the extent of damages for such violations.
44. As a person who suffered an unauthorized consumer credit report inquiry by Defendant on his credit report, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.
45. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.
46. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.
47. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of the members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for

FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

48. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681-1692X (FCRA)**

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

51. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

52. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff and the members of the Class the following relief against Defendant:

- An order certifying the Class;
- An order certifying the undersigned counsel as Class Counsel;

- A declaratory judgment that Defendant's actions as discussed herein is unlawful and an invasion of privacy;
- An order requiring Defendant, at its own cost, to notify all members of the Class of the unlawful acts discussed herein;
- Injunctive relief stopping Defendant from further impermissible pulls;
- Actual damages suffered by Plaintiff and each Class member, pursuant to 15 U.S.C. § 1681o(a)(1), against Defendant;
- Statutory damages of not less than $100 and not more than $1,000.00 to Plaintiff and each Class member, pursuant to 15 U.S.C. § 1681n(a)(1), against Defendant;
- An award of any such amount as the court may allow for all other Class members, against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), against Defendant; and
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

53. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury

DATED this 18th day of January 2017.

Respectfully submitted,

By: /s/ Robert Floyd Davis
Robert Floyd Davis, Esq.
705 Dinah Shore Blvd
WINCHESTER, TN 37398-1424
Phone: 931-967-7000 / 423-267-7000
FAX: 931-968-0680
robert@daviskessler.com
*Attorneys for Plaintiff*